UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4085

ROBERT LEE HARRIS, a/k/a Peejack,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-96-35)

Submitted: July 24, 1997

Decided: August 11, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Ayers, II, New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Cynthia E. Tompkins, Assistant United States
Attorney, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Lee Harris was convicted by a jury of aiding and abetting an armed bank robbery, 18 U.S.C.A. § 2113(d) (West Supp. 1997), 18 U.S.C. § 2 (1994), and aiding and abetting the use of a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1997), 18 U.S.C. § 2. Harris was sentenced as a career offender to 262 months imprisonment for the bank robbery and 60 months for the § 924(c) conviction, to be served consecutively. He appeals his conviction and sentence, arguing that the evidence was insufficient to support the verdict, that the district court clearly erred in finding that he was an organizer of the offense, USSG § 3B1.1(c), [1] and also erred in sentencing him as a career offender, USSG § 4B1.1. We affirm.

Joseph Barrett (Harris' brother), Mark Jenkins, and Andre White, all co-defendants who had entered guilty pleas, testified at Harris' trial. They described how Harris cased a bank in Fountain, North Carolina, the day before the robbery with Jenkins and Calvin Dixon, and loaned Dixon money so that Dixon could redeem his handgun at a pawn shop. The next day, Harris picked up Barrett, Jenkins, and White, and drove from Greenville, North Carolina, to Fountain. From a canvas bag supplied by Dixon, Harris passed out ski masks and gloves. He gave Dixon's gun to Jenkins and told everyone what to do while he waited in the getaway car. Barrett, Jenkins, and White robbed the bank of $876, with Jenkins holding the gun on the bank employees, after which Harris drove them part way to Greenville. To escape detection, Harris parked in a wooded area where the money was split four ways. He then instructed Barrett to drive White back to Greenville and return for him and Jenkins later. Harris testified in his own behalf that he drove his co-defendants to the bank so that Jenkins could cash a check and was surprised when they robbed the bank. He denied any involvement and asserted that his co-defendants had testified falsely. We find that the evidence was sufficient to establish that Harris aided and abetted both the bank robbery and the use of a firearm in the commission of the bank robbery, given that the

---

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1996).

2

jury was forced to make a credibility determination and decided against Harris. Despite admissions by Barrett, Jenkins, and White that they had taken drugs and used alcohol the night before the robbery and with knowledge of their criminal records, the jury found the government's witnesses more credible than Harris. We do not review the jury's determination of credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

With regard to the sentence, the district court did not clearly err in finding that Harris was an organizer of the offense, or in sentencing Harris as a career offender.[2] Harris had prior convictions for armed robbery and breaking and entering. Burglary of a dwelling is a crime of violence under the definition set out in USSG§ 4B1.2(1)(ii). Information in the presentence report described the building broken into as a home. Harris offered no evidence to the contrary.

The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
[2] A defendant is a career offender if he is at least 18 years old at the time of the offense, the instant offense is either a drug offense or a crime of violence, and the defendant has two prior felony convictions for drug offenses or crimes of violence. USSG § 4B1.1.

3